NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 15 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAGDALENO GARCIA-RAMIREZ, AKA Magdaleno Garcia, AKA Jose Garcia Ramirez, AKA Filipe Garcia Reyes, AKA Magdaleno Garciaramirez, AKA Magareno Ramirez, AKA Magdalano Ramirez, AKA Magdalano Garcia Ramirez, AKA Magdaleno Ramirez, AKA Magdaleno Garcia Ramirez, | No.     18-73025 Agency No. A029-230-489 MEMORANDUM* |
| Petitioner, | |
| v. | |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 13, 2020**

Before:     TROTT, SILVERMAN, and NR SMITH, Circuit Judges.

Magdaleno Garcia-Ramirez, a native and citizen of Mexico, petitions for

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). As he concedes, he is not eligible for asylum. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We dismiss in part and deny in part the petition for review.

Because he failed to raise it to the agency, we lack jurisdiction to consider Garcia-Ramirez's contention that if returned to Mexico he will be persecuted on account of his political opinion. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Substantial evidence supports the agency's determinations that Garcia-Ramirez failed to establish he suffered either past persecution in Mexico, or that his problems were on account of a protected ground. In his opening brief, Garcia-Ramirez fails to challenge, and therefore forfeits, the agency's dispositive determination that he did not establish membership in a cognizable social group. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Moreover, he did not satisfy his burden of demonstrating that there is a reasonable possibility of suffering future persecution in Mexico. Thus, Garcia-Ramirez's withholding of

removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Garcia-Ramirez failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Garcia-Milian*, 755 F.3d at 1033-35 (concluding that petitioner did not establish the necessary state action for CAT relief).

We reject Garcia-Ramirez's contention that the agency did not evaluate or properly consider all of his evidence. *See Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 895 (9th Cir. 2018).

Lastly, we do not reach Garcia-Ramirez's contentions as to the IJ's particularly serious crime determination because the BIA did not reach that issue. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to grounds relied upon by the BIA).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**